IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| BARBARA JOHNSON, | |
|---|---|
| Plaintiff, | CIVIL ACTION NO.: 2018-cv-02171 |
| v. | |
| COMMUNITY OPTIONS, INC., | |
| Defendant. | |

## JOINT STIPULATION TO DISMISS THE COMPLAINT
## AND SUBMIT THIS MATTER TO BINDING ARBITRATION

Plaintiff BARBARA JOHNSON ("Plaintiff") and Defendant COMMUNITY OPTIONS, INC. ("Defendant" or "Community Options") (collectively referred to as the "Parties"), by and through their attorneys of record, stipulate to dismiss Plaintiff's Complaint and submit this action to binding arbitration, as follows:

1. The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, mandates the enforcement of arbitration agreements according to their terms no matter what state law or policy might be invoked as a basis for non-enforcement. *Bertram v. Ben. Consumer Disc. Co.*, 286 F. Supp. 2d 453, 457 (M.D. Pa. 2003); *Moses H. Cone Mem'l Hosp v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) (providing that the FAA reflects a "liberal federal policy favoring arbitration agreements."). Where, as here, the Parties have agreed to resolve all disputes through binding arbitration, such agreements are fully enforceable. Arbitration is the elected and required forum for resolving Plaintiff's claims, which are fully within the scope of the Arbitration Agreement Plaintiff entered into with Community Options.

2. The Parties agree to submit all of Plaintiff's claims in the above-captioned action to final and binding arbitration pursuant to a written arbitration agreement titled "Arbitration Policy," a copy of which is attached as Exhibit "A."

3. The Parties agree to conduct the arbitration before an arbitrator affiliated with the American Arbitration Association.

4. The Parties jointly request that the Court dismiss Plaintiff's Complaint filed in the United States District Court for the Eastern District of Pennsylvania in accordance with 9 U.S.C. § 3 because all of the issues raised in Plaintiff's District Court Complaint must be submitted to arbitration. *Dancu v. Coopers & Lybrand*, 778 F. Supp. 832, 835 (E.D. Pa. 1991); *See also, Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (citing *Sea-Land Service, Inc. v. Sea-Land of P.R., Inc.*, 636 F. Supp. 750, 757 (D. Puerto Rico 1986)); *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir.1988) (expressly holding that 9 U.S.C. § 3 does not preclude dismissal)

5. All parties have entered into this stipulation.

6. The Parties further agree that faxed or e-mailed signatures on this Stipulation are deemed to be original signatures for filing purposes.

**IT IS SO STIPULATED.** AND THE COMPLAINT IS DISMISSED.

| | |
|---|---|
| */s/ Sean Ruppert* | */s/ Marjorie N. Kaye, Jr.* |
| Sean Ruppert, Esquire | Marjorie N. Kaye, Jr., Esquire |
| **KRAMER, MANES, & ASSOCIATES** | Malcolm J. Ingram, Esquire |
| 600 Grant Street, Suite 4875 | **JACKSON LEWIS P.C.** |
| Pittsburgh, PA 15219 | Three Parkway |
| T: (412)-626-5593 | 1601 Cherry Street, Suite 1350 |
| F: (412) 428-8178 | Philadelphia, PA 19102 |
| | T: (267) 319-7802 |
| ATTORNEY FOR PLAINTIFF | F: (215) 399-2249 |
| | |
| | ATTORNEYS FOR DEFENDANT |
| Date: June 27, 2018 | Date: June 27, 2018 |

**IT IS SO ORDERED** this 28th day of June 2018.

Hon. Jeffrey L. Schmehl, U.S.D.J.

4841-5730-2380, v. 1

2